FILED

AUG 21 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Gregory Alan Gaylor</u>

v.

<u>U.S. Department of Justice</u>

CASE NUMBER   1:06CV01467

JUDGE: Reggie B. Walton

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 08/21/2006

O R D E R

Gregory Gaylor has filed a complaint asserting claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 <u>et seq.</u> and the Privacy Act of 1974, 5 U.S.C. § 552a <u>et seq.</u> The government has moved to dismiss for lack of proper venue.

The applicable venue statutes provide in pertinent part for venue "in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia. . . ." 5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 552a(g)(5). Gaylor claims that he is a resident of Texas[1] but argues that venue is proper in this

---

[1] Although Gaylor is incarcerated in New Hampshire, he does not contest the government's assertion that his incarceration in this state does not make him a New Hampshire resident. Nor does he challenge the government's contention that the records he

district because New Hampshire is his principal place of business. To support this argument, Gaylor claims that he is "the general partner of Tejas Timber Resources Joint Venture, a foreign joint venture registered with the New Hampshire Secretary of State." Pl.'s Obj. ¶ 1. The government replies by arguing that Gaylor has produced no evidence to demonstrate that Tejas Timber Resources has its principal place of business in this state. The absence of such evidence is particularly glaring, the government argues, because Tejas Timber Resources is a foreign partnership that has not been in good standing in New Hampshire since 2004. I find the government's argument persuasive. Accordingly, I lack venue to consider Gaylor's complaint.

Gaylor asks me to transfer his action to the Northern District of Texas as an alternative to dismissal. The government argues that a transfer is unwarranted because it has already responded to Gaylor's FOIA request. Gaylor, however, remains dissatisfied with the government's response. Thus, I am unwilling to dismiss the case simply because Gaylor brought it in the wrong district. 28 U.S.C. § 1406 provides in pertinent part

---

seeks are located in another district.

that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The District Court for the District of Columbia has special expertise in FOIA matters. In re Scott, 709 F.2d 717, 720 (D.C. Cir. 1983) (citing legislative history recognizing that District of Columbia courts have special expertise in FOIA matters). Thus, it would be more efficient to transfer the case to the District of Columbia rather than the Northern District of Texas.

The motion to dismiss (Doc. No. 9) is denied. The case shall be transferred to the District of Columbia.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

June 14, 2006

cc: Gregory Alan Gaylor, pro se
    Gretchen Leah Witt, Esq.

CLOSED, ECF

# U.S. District Court
## District of New Hampshire (Concord)
### CIVIL DOCKET FOR CASE #: 1:05-cv-00414-PB

Gaylor v. US Department of Justice
Assigned to: Judge Paul Barbadoro
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 12/06/2005
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

Gregory Alan Gaylor             represented by   Gregory Alan Gaylor
                                                 #30235
                                                 NH State Prison
                                                 PO Box 14
                                                 Concord, NH 03302-0014
                                                 PRO SE

V.

**Defendant**

US Department of Justice         represented by   Gretchen Leah Witt
                                                  US Attorney's Office (NH)
                                                  53 Pleasant St, 4th Flr
                                                  Concord, NH 03301-0001
                                                  225-1552
                                                  Fax: 225-1470
                                                  Email: gretchen.witt@usdoj.gov
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/21/2005 | 1 | COMPLAINT against US Department of Justice filed by Gregory Alan Gaylor.(cms, ) Additional attachment(s) added on 12/15/2005 (jeb, ). (Entered: 12/02/2005) |
| 11/21/2005 | 2 | MOTION to Proceed in forma pauperis with Financial Affidavit filed by Gregory Alan Gaylor. Follow up on Objection on 12/12/2005 (cms, ) (Entered: 12/02/2005) |
| 11/29/2005 | 3 | **ORDER - Filing Fee Omitted. Either the filing fee or a motion to proceed IFP must be submitted within 60 days. If IFP status sought the court needs: certificate of custodial institution. Signed by Clerk James R. Starr. Notice of Compliance Deadline set for 1/29/2006. (cms, ) (Entered: 12/02/2005)** |
| 12/06/2005 | 4 | Certificate of Custodial Institution re: 2 Motion to Proceed in forma pauperis by Gregory Alan Gaylor. (cms, ) (Entered: 12/06/2005) |
| 12/06/2005 | 5 | MOTION to Expedite the processing of this case filed by Gregory Alan Gaylor. Follow up on Objection on 12/27/2005 (cms, ) (Entered: 12/06/2005) |
| 12/06/2005 | 6 | **ORDER granting 2 Motion to Proceed in forma pauperis as to Gregory Alan** |

| | | |
|---|---|---|
| | | Gaylor, initial fee of $10.80. No further action by court until initial fee paid. Failure to pay will result in dismissal. So Ordered by Judge James R. Muirhead. Fee due 1/10/2005. (cms, ) (Entered: 12/08/2005) |
| 12/06/2005 | | IFP motion granted - case converted to a civil case. (cms, ) (Entered: 12/08/2005) |
| 12/12/2005 | | **ENDORSED ORDER granting 5 Motion to Expedite.** *Text of Order: Granted* **So Ordered by Judge James R. Muirhead. (mm, ) (Entered: 12/19/2005)** |
| 12/15/2005 | | Initial Filing Fee Fee paid: $ 10.80 (Check), receipt number 028227 by Gregory Alan Gaylor re: 1 Complaint. (jeb, ) (Entered: 12/15/2005) |
| 03/14/2006 | 7 | **ORDER the complaint is to be served on the defendant 1 Complaint. Signed by Judge James R. Muirhead. (mm, )** (Entered: 03/14/2006) |
| 03/15/2006 | | SERVICE BY CLERK: Copies mailed via certified mail, return receipt requested to US Department of Justice, US Attorney, and US Attorney General per 7 Order (jar, ) (Entered: 03/15/2006) |
| 03/27/2006 | 8 | Return of Service Executed Served/mailed on 3/24/2006. Answer due by 5/23/2006. (mm, ) (Entered: 03/31/2006) |
| 04/14/2006 | 9 | MOTION to Dismiss *for Lack of Proper Venue* filed by US Department of Justice. Follow up on Objection on 5/4/2006 (Attachments:, # 1 Memorandum of Law, # 2 Exhibit (Affidavit) A, Declaration of Kathy Hsu, # 3 Attachment to Exhibit 1, Gaylor's 5/11/01 ltr to Criminal Div. FOIA Unit, # 4 Attachment to Exhibit 2, FOIA Unit 6/27/01 ltr to Gaylor, # 5 Attachment to Exhibit 3, Gaylor's 1/8/05 admin. appeal ltr, # 6 Attachment to Exhibit 4, OIP 2/7/05 ltr to Gaylor, # 7 Attachment to Exhibit 5, Crim. FOIA Unit 4/4/06 ltr to Gaylor)(Witt, Gretchen) (Entered: 04/14/2006) |
| 05/01/2006 | 10 | OBJECTION to 9 MOTION to Dismiss *for Lack of Proper Venue* served on 4/26/06 filed by Gregory Alan Gaylor. Follow up on Objection on 5/15/2006 (mm, ) (Entered: 05/02/2006) |
| 05/03/2006 | | Notice of Intent to Reply to Objection to 9 MOTION to Dismiss *for Lack of Proper Venue*. Follow up on Reply on 5/15/2006. (mm, ) (Entered: 05/03/2006) |
| 05/04/2006 | 11 | REPLY to Objection to Motion re 9 MOTION to Dismiss *for Lack of Proper Venue* filed by US Department of Justice. (Attachments:, # 1 Exhibit (Affidavit) A, Declaration of Judith Northrup Prindiville, # 2 Attachment to Exhibit 1, N.H. Secy of State Corporation Div. Info re: Tejas Timber Resources Joint Venture, # 3 Attachment to Exhibit 2, April 18, 2006, letter from David M. Hardy to Mr. Gaylor)(Witt, Gretchen) (Entered: 05/04/2006) |
| 06/14/2006 | 12 | **ORDER denying 9 Motion to Dismiss. So Ordered by Judge Paul Barbadoro. (ja, ) (Entered: 06/14/2006)** |
| 07/13/2006 | | Interdistrict Transfer Out to District of Columbia per document #12. (mxm, ) (Entered: 07/13/2006) |