UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY ALAN GAYLOR,                 )
                                     )
          Plaintiff,                 )
                                     )
          v.                         ) **Civil No.06-1467 (RBW)**
                                     )
U.S. DEPARTMENT OF JUSTICE,          )
                                     )
          Defendant.                 )
_____)

## DECLARATION OF KATHY HSU

I, Kathy Hsu, declare the following to be true and correct:

1.    I am an attorney in the Criminal Division of the United States Department of Justice assigned to the Office of Enforcement Operations.  My specific assignment at the present time is that of Litigation Attorney for the Division's Freedom of Information Act/Privacy Act Unit (FOIA/PA Unit).

2.    In such capacity, my duties are, *inter alia*, to review complaints in lawsuits filed under both the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, and the Privacy Act (PA), 5 U.S.C. § 552a *et seq.*, and to provide litigation support and assistance to Assistant United States Attorneys and to Department trial attorneys litigating these cases in District Court.  In conjunction with these duties, I review processing files that have been compiled by the paralegal processors and reviewed by supervisory paralegals and/or by the FOIA/PA Unit Chief in responding to FOIA/PA requests received by the Unit.  I

- 1 -

also consult with the Unit Chief, who supervises the Unit's processing of FOIA and PA requests, and with the supervisory paralegals to confirm that determinations to withhold or to release records of the Criminal Division have been made in accordance with the provisions of both the FOIA and the PA, and with Department of Justice regulations - 28 C.F.R. § 16.1 *et seq.*

3.    I make this declaration on the basis of information acquired through the performance of my official duties and on personal knowledge.

**SUMMARY OF CORRESPONDENCE**

4.    By letter addressed to the Criminal Division's Office of International Affairs dated April 24, 2001, plaintiff made a request for records concerning his August 2000 extradition from Switzerland to the United States. *See* Exhibit 1.

5.    By letter addressed to the Office of International Affairs dated May 11, 2001, plaintiff renewed his request for documents in his name relating to his extradition. This request was received by the Criminal Division's FOIA/PA Unit on May 23, 2001. Attached to this letter was a copy of the April 2001 request and several fax cover letters dated the 7th, 17th, and 18th of May 2001, addressed to the Office of International Affairs which demanded an immediate response to his request. *See* Exhibit 2.

6.    By letter addressed to the plaintiff dated June 27,

2001, the FOIA/PA Unit acknowledged receipt of plaintiff's Privacy Act request.  The letter advised plaintiff that his request had been assigned case number CRM-200100752P, and that when the appropriate searches were completed he would receive a response informing him what, if any, records had been located. *See* Exhibit 3.

     7.   On June 15, 2006, plaintiff sent the FOIA/PA Unit a letter seeking the status of his request.  By letter addressed to the plaintiff dated September 17, 2001, the FOIA/PA Unit responded to plaintiff's letter of June 15, 2001, and plaintiff was advised that the FOIA/PA unit was still waiting for the Office of International Affairs to complete its search for responsive records and that when the appropriate searches were complete he would receive a response informing him what, if any, records had been located.  *See* Exhibit 4.

     8.   By a memorandum dated August 27, 2003, the Department of Justice's Office of Information and Privacy (OIP) forwarded to the Criminal Division, for processing and direct response to plaintiff, six documents, totaling nine pages, which originated or contains information of interest to the Criminal Division. The six items were initially located and subsequently referred to the Office of Information and Privacy by the State Department. Also attached was a copy of the State Department's referral slip dated August 11, 2003, and a copy of Plaintiff's March 2002

- 3 -

request.  *See* Exhibit 5.

9.    By a letter addressed to the plaintiff dated February
26, 2004, the FOIA/PA Unit informed plaintiff of the referral of
six Criminal Division documents by OIP (Items 1-6) discussed in
paragraph 8 above.  Plaintiff was also advised that Item 1 was
being released to him in full and Items 2-6 were being released
in part.  The portions omitted in Items 2-6 were done so pursuant
to 5 U.S.C. 552(b)(2),[1] (6), and (7)(C).  The letter advised
plaintiff of his right to seek an administrative appeal should he
consider the response a denial of his request.  *See* Exhibit 6.

10.    By a letter addressed to OIP dated January 8, 2005,
plaintiff filed an administrative appeal to determine why his May
2001 request to the Criminal Division's Office of International
Affairs had gone unanswered.[2]  *See* Exhibit 7.

11.    By a letter addressed to the plaintiff dated February

---

[1]In accordance to Exemption 2, which withholds
administrative information, the Criminal Division withheld from
Item 2, the Federal Express billing account number utilized in
this matter.  This account number was inadvertently released to
plaintiff in a subsequent release.  Thus, Exemption 2 is no
longer being claimed by the Criminal Division for withholding
this information.

[2] The delay in responding to plaintiff's request resulted
from the inadvertent misplacement of the request by the FOIA/PA
Unit.  The request was mistakenly placed in a GSA approved safe
in the Unit.  Not until January 2005, when plaintiff submitted
his administrative appeal to OIP, did the FOIA/PA Unit become
aware that the request had gone unanswered and that the file was
missing.  Upon this discovery, the FOIA/PA Unit searched its
office for the request and began processing the request once it
was located

7, 2005, the Office of Information and Policy responded to
plaintiff's January 2005 inquiry about his request.  The Office
of Information and Privacy informed plaintiff that the Criminal
Division's FOIA/PA Unit was still in the process of responding to
his request.  The letter further stated that although the Act
authorizes plaintiff to treat the Criminal Division's non-
response as a denial of his request, however, due to limited
resources, no determination of plaintiff's administrative appeal
could be made until after the Criminal Division made its
determination.  Plaintiff was also advised that he could again
file an administrative appeal to OIP after the Criminal Division
had completed its action and the material was denied.  *See*
Exhibit 8.

        12.    By a letter addressed to the plaintiff dated April 4,
2006, the FOIA/PA Unit responded to plaintiff's May 11, 2001,
request for records in his name.  Plaintiff was notified that 43
documents (Items 1-43) were located within the scope of his
request.  Items 1-15 were released in full and Items 16-43 were
released in part.  The portions omitted in Items 16-43 were done
so pursuant to 5 U.S.C. 552(b)(6) and (7)(C).  Plaintiff was also
advised that the Criminal Division located records which
originated in the Federal Bureau of Investigation, U.S. Marshals
Service, INTERPOL, and the U.S. State Department.  Pursuant to
Department of Justice practice, these records were referred to
those offices for review and direct response to plaintiff.  *See*

- 5 -

Exhibit 9.

13.    In further response to plaintiff's May 11, 2001,
request, in a letter addressed to plaintiff dated August 23,
2006, the Criminal Division advised plaintiff that it conducted
an additional search for records relevant to his request, and 98
records were located (Items 1-98A).  All 98 records have been
released to plaintiff either in full or major part.  The portions
omitted were done so pursuant to 5 U.S.C. 552(b)(6) and (7)(C).
*See* Exhibit 10.

14.    By a letter dated November 28, 2006, the Criminal
Division informed plaintiff that in preparation of the FOIA/PA
Unit's August 23, 2006, release to him, the Unit believes it
recopied and again included all of the materials from the April
release (as discussed in paragraphs 12 and 13 of this
declaration).  Plaintiff was further advised, however, that the
FOIA/PA Unit is unable to now confirm that all materials released
in April included in the August release.  In order to be
completely accurate, attached to the November 2006 letter was
another copy of all the non-exempt materials sent to plaintiff in
August.  It is believed that this third release encompasses all
non-exempt materials released to plaintiff from both the April
and August 2006 releases. Plaintiff was further advised that
should he believe that anything has been omitted in the third
release to contact the FOIA/PA Unit to correct the matter.  *See*
Exhibit 11.

- 6 -

## SEARCHES FOR RESPONSIVE RECORDS

15.    In the present matter, because plaintiff specified that he sought records related to his extradition from Switzerland to the United States, the FOIA/PA Unit requested the Office of International Affairs (OIA) to search its records for responsive records.

16.    OIA provides advice and assistance on international criminal matters to the Attorney General and other DOJ components and entities, as well as state and local prosecutors.  OIA coordinates the extradition of international fugitives as well as international evidence gathering.  OIA also engages in the negotiations of new treaties, convention, and other agreements on international criminal matters.  OIA is the only Criminal Division office that would maintain records pertaining to extraditions.

17.    Pursuant to long-standing FOIA search procedures, a search sheet with a copy of the plaintiff's request was transmitted to OIA.  The search sheet specifies the subject of the search.  Experienced and designated personnel employed by the pertinent sections then undertake a search for responsive materials and report the results by means of individual, signed forms to the Criminal Division FOIA/PA Unit.  The search terms utilized by each section in a Privacy Act request are the requestor's name and any known alias that the requestor has

- 7 -

provided.[3]  This process allows for an adequate search and ensures that all files likely to contain responsive material, should any exist, are searched and located.  By this means, the Criminal Division aims to ensure that its searches fully meet the criteria established under the Freedom of Information Act, the Privacy Act, and interpretative decisional law.

18.  I have personally reviewed the original, signed search response of the Office of International Affairs, and have verified that 98 records responsive to Plaintiff's request were located by OIA in the search conducted for CRM-200100752P and were released to plaintiff in its entirety or in substantial part.  No pages were withheld in full and only minimal information essential to safeguarding the personal privacy of third parties was redacted.

**Exemptions 6 and 7(C)**

19.  FOIA exemption 6 and 7(C) permit the withholding of:

(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

---

[3]Unlike the FBI or the Federal Bureau of Prisons, the Criminal Division assigns no special identification numbers to individuals.  Nor does it maintain files based on social security numbers.  Nor does it maintain any field offices outside the Washington, D.C. area.  Finally, unlike certain other law enforcement components, the Criminal Division maintains no separate "see reference" or "cross-reference" files requiring separate searches.

> (7)   records or information compiled for law enforcement
>        purposes, but only to the extent that the
>        production of such law enforcement records or
>        information . . .
>              (C)  could reasonably be expected to
>                   constitute an unwarranted invasion
>                   of personal privacy . . .

5 U.S.C. §§ 562(b)(6) and (7)(C).

20.  FOIA Exemption 6 protects personnel and medical files and similar files. The disclosure of which would constitute a clearly unwarranted invasion of personal privacy. *See* 5 U.S.C. §§ 562(b)(6). FOIA Exemption 7(C) protects records or information complied for law enforcement purposes, production of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. *See* 5 U.S.C. §§ 552(b)(7)(C).

21.  Exemptions 6 and 7(C) each require a balancing of the individual's right to personal privacy against the public's interest in shedding light on an agency's performance of its statutory duties. The requester's identity, purpose in making the request, and proposed use of the requested information have no bearing on this balancing test.

22.  Pursuant to Exemptions 6 and 7(C), the Criminal Division's FOIA/PA Unit withheld third party information from:

February 2004 Release (*See* Exhibit 7):

•    From Item 2 - the name and telephone number of a
     paralegal.

- 9 -

- From Item 3 - the names of individuals employed by the United Marshals Service and INTERPOL.

April and August 2006 Release (*See* Exhibits 10 & 11):

- From Items 31, 32, 33, 37, 41, 42, 43, 44, 45, 46, 47, 48, 53, 55, 56,  56(a), 57, 58, 59, 60, 61, 62, 66, 67, 70, 71, 71(a),  72, 74, 76, 78, 79, 80, 81, 82, 84, 85, 86, 89, 94, 95 - the names, initials, and/or other identifying information of paralegals and investigators employed by the Criminal Division's Office of International Affairs.

- From Items 32, 34, 37, 38, 40, 41, 43, 44, 47, 48, 49, 51, 54, 55, 56, 63, 64, 65, 68, 69, 73, 75, 76, 77, 83, 84, 86, 87, 90, 91, 92, 93, 96 - the names, initials, phone numbers, and/or other identifying information of paralegals and investigators employed by the State of New Hampshire's Department of Justice.

- From Items 31, 33, 35, 36, 53, 68, 73, 77, 87, 97 - the names and/or initials of individuals employed by INTERPOL.

- From Item 35 - the name of an individual employed the Department of State.

- From Items 35, 36 - the names and/or initials of individuals employed by United States Marshal Service.

- From Items 37, 40, 41, 42, 44, 47, 50, 52, 56(a), 73, 84, 85, 86, 90, 91, 95 - the names of and/or identifying information of third-party individuals, who authorities believed might have information regarding the whereabouts of plaintiff.

23.   The individuals whose identities were withheld, as set forth above, were not the requester, nor where the names of government attorneys, state or federal, withheld.

24.   The items referenced in Paragraph 22 above, were compiled for the use of the Criminal Division's Office of International Affairs to extradite plaintiff, who was a fugitive, back to the United States.   The Office of International Affairs,

- 10 -

a component of the Office of Enforcement Operations, oversees the extradition of international fugitives. Here, plaintiff was convicted of criminal tax evasion and felony crimes of theft in April 1999. Plaintiff fled the United States shortly after the close of his criminal court proceedings and was eventually located and arrested in Switzerland. As such, the records here are clearly constituted as records compiled for law enforcement purposes.

25. The individuals whose identities have been protected all maintain a substantial privacy interest in not being identified with a criminal law enforcement investigation. Identifying individuals as either the subject of criminal investigations or being associated with such investigations can subject them to innuendo, embarrassment, and stigmatization or even harassment, retaliation and reprisals. Finally, identifying paralegals and investigators, state and federal, could subject these individuals to harassment, retaliation, and reprisals as well as increase the difficulties of duties which require a low profile.

26. On the other hand, revealing such information is unlikely to add to the public's understanding of how an agency works or how well it performs its statutory duties.[4]  On balance,

_____

[4]Official information that sheds light on an agency's performance of its statutory duties falls squarely within the statutory purpose of the FOIA. That purpose is not fostered, however, by disclosure of information about private citizens that

the FOIA/PA Unit determined that the substantial privacy interest
which is protected by withholding this information outweighs any
minimal public interest which would be served by its release.
Such disclosure would be "clearly unwarranted" as required by 5
U.S.C. § 552(b)(6).  Since this is the higher of the two
standards of invasion of privacy, the release of this information
also would be "unwarranted" as required by 5 U.S.C. §
552(b)(7)(C).

     I declare under penalty of perjury that the foregoing is
true and correct.


     Executed on: ___December 6, 2006___

                           _____
                                KATHY HSU

---

reveals little or nothing about an agency's own conduct.  *See*
*United States Department of Justice v. Reporters Committee for*
*Freedom of the Press,* 489 U.S. 748, 773, 109 S.Ct. 1468, 1481-82
(1989).



# FAX

April 24, 2001

To: United States Department of Justice
Office of International Affairs
Criminal Department 9th Floor
1301 N.Y. Ave. N.W.
Washington, DC 20005
FAX (202) 305-4667

Attention: Deborah Caruth

Subject: Copy of Extradition File

Please mail or fax immediately a copy of the file pertaining to Extradition of Gregory Alan Gaylor in August of 2000 from Switzerland. Send copies of all of your correspondence, faxes, and documents related to this extradition, included, but not limited to, the final extradition agreement from the Swiss Government.

Gregory Alan Gaylor

7744 La Avenida Drive
Dallas, Texas 75248-4331
(972) 239-7593 FAX
(972) 239-7596 TEL
billgaylor@msn.com E-mail

GAYLOR V. DOJ,
Civil # 06-1469 (RBW)
Declaration of KathyHsu
Exhibit 1

2

PA
200100752

May 11, 2001

Deborah Caruth, Esq.
U.S. Department of Justice
Criminal Division  9th Floor
Office of International Affairs
1301 New York Avenue, N.W.
Washington, D.C.  20005

Re: Copy of Extradition File

Ms. Caruth:

T take this opportunity to renew my request for a copy of the
file relating to my extradition from Switzerland on August 10
2000.  Please forward a copy of all correspondence, faxes, documents
and communiques, including but not limited to the final papers
relating to the extradition.

Sincerely,

Gregory Alan Gaylor
c/o  7744 La Avenida
Dallas, Texas  75248

MAY 2 3 2001

Backgr

95-100-111 65

GAYLOR V. DOJ,
Civil # 06-1469 (RBW)
Declaration of KathyHsu
**Exhibit 2**



# FAX
### (2 pages including this page)

May 7, 2001

To:     United States Department of Justice
        Office of International Affairs
        Criminal Department 9th Floor
        1301 N.Y. Ave. N.W.
        Washington, DC 20005
        FAX (202) 305-4667

Attention: Deborah Caruth

Subject: Copy of Extradition File

Please see the request faxed to you at 5:03PM CDT on April 24, 2001 (the second page
of this FAX) and advise when you will provide the requested information.

Gregory Alan Gaylor
7744 La Avenida Drive
Dallas, Texas 75248-4331
(972) 239-7593 FAX
(973) 239-7596 TEL
billgaylor@msn.com E-mail

# FAX
(4 pages including this cover page)

May 17, 2001

**To:**   Thomas G. Snow
Deputy Director
Office of International Affairs
United States Department of Justice
Criminal Department 9th Floor
1301 N.Y. Ave. N.W.
Washington, DC 20005
FAX (202) 305-4667

**RE:**  Extradition of Gregory Alan Gaylor

See the following three pages of this FAX.

To date, we have received no response from your department.

Will you please see that we receive the requested information promptly?

Sincerely,

*William C. Gaylor*
*Dorothy J. Gaylor*

William C. & Dorothy J. Gaylor

7744 La Avenida Drive
Dallas, Texas 75248-4331
(972) 239-7593 FAX
(972) 239-7596 TEL
billgaylor@msn.com E-mail

# FAX
### (2 pages including this page)

May 18, 2001

**To:**   Deborah Caruth, Esq.
United States Department of Justice
Office of International Affairs
Criminal Department 9th Floor
1301 N.Y. Ave. N. W.
Fax (202) 305-4667

**Subject:** Requests for Copy of Extradition File
**Ref:**   Faxes of April 24, 2001 & May 7, 2002

Greg requested this letter to be FAXED to you.

Please see the page two of this FAX.

Would you kindly respond to his request for this information as soon as possible.

Respectfully,

William C. Gaylor
7744 La Avenida Drive
Dallas, Texas 75248-4331
(972) 239-7593 FAX
(972) 239-7596 TEL
billgaylor@msn.com E-mail



**U.S. Department of Justice**

Criminal Division

---

*Washington, D.C.  20530*

CRM# 200100752P

Gregory Alan Gaylor
c/o 7744 La Avenida
Dallas, TX 75248-4331

JUN 2 7 2001

Dear Mr. Gaylor:

This will acknowledge receipt of your Privacy Act request dated May 11, 2001, for Criminal Division records concerning you.  Your request has been assigned file number 200100752P.  Please refer to this number in any future correspondence with this Unit.

We will search the records system(s) which you have requested and will respond to you further after we complete our searches.  If you have any questions regarding the status of this request, you may contact Denise Kennedy on 202-616-0307.

Sincerely,

Thomas J. McIntyre, Chief
Freedom of Information/Privacy Act Unit
Office of Enforcement Operations
Criminal Division

**FILE COPY**

GAYLOR V. DOJ,
Civil # 06-1469 (RBW)
Declaration of KathyHsu
**Exhibit 3**



**U.S. Department of Justice**

Criminal Division

---

*Washington, D.C.   20530*

SEP 1 3 2001

```
TJM:KS:mb
typed 9/13/01
```

CRM-200100752P

Mr. Gregory Alan Gaylor
7744 La Avenida Drive
Dallas, Texas  75248-4331

Dear Mr. Gaylor:

     This is in response to your letter dated June 15, 2001, in
which you inquire as to the status of your request.

     We are still awaiting a response to our search to the Office
of International Affairs.  We will advise you further when that
search has been completed and documents located (if any) have
been reviewed.  Your continued patience is appreciated.


                    Sincerely,



                    Thomas J. McIntyre, Chief
                    Freedom of Information/Privacy Act Unit
                    Office of Enforcement Operations


## FILE COPY


GAYLOR V. DOJ,
Civil # 06-1469 (RBW)
Declaration of KathyHsu
**Exhibit 4**



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

AUG 2 7 2003

MEMORANDUM

TO:        Thomas J. McIntyre, Chief
           FOIA/PA Unit
           Criminal Division

FROM:      Melanie Ann Pustay
           Deputy Director

SUBJECT:   Freedom of Information Act Request of Gregory Gaylor Regarding his extradition from
           Switzerland; OIP No. OIP/03-R0928

        While processing the above-referenced FOIA request, the Department of State forwarded six documents, totaling nine pages, to this Office for appropriate handling. Because the documents either originated with or contain information of primary interest to the Criminal Division, I am forwarding them to your Office for processing and direct response to the requester. The Department of State has been advised of this referral; however, the requester has not. Please be advised that we are not processing these records on behalf of the senior management Offices, and also, we have no objection to release of the document marked with the green tab which contains former Attorney General Janet Reno's signature.

        Copies of the requester's initial letter and the Department of State's referral memo are attached for your information. If you have any questions regarding this matter, please call Douglas Hibbard of this Office at (202) 616-5461.

Attachments
MAP:CLM:DRH

AUG 2 8 2003

GAYLOR V. DOJ,
Civil # 06-1469 (RBW)
Declaration of KathyHsu
**Exhibit 5**



**United States Department of State**

*Washington, D.C.   20520*

AUG 1 1 2003

Case Control No. 200201314
Requester: Gregory Alan Gaylor

TO:        Ms. Carmen Ballon
           Office of Information and Privacy
           Justice Management Divsion
           Department of Justice
           Washington, D.C. 20530

FROM:      Margaret P. Grafeld, Director NEG
           Office of IRM Programs and Services

SUBJECT:   FOI/PA Referral for Direct Reply

    In processing this request, we have located the
attached documents which originated with your agency.
Please review this material and reply directly to the
requester.

    We have no objection to release of these documents.

    If you have any questions, please call (202) 261-8314.

Attachments:
    (x) Copy of request letter
    (x) Six documents

OFFICE OF INFORMATION
AND PRIVACY

AUG 2 1 2003

RECEIVED



**U.S. Department of Justice**

Criminal Division

_Washington, D.C. 20530_

CRM-200301039P

Gregory Alan Gaylor
P.O. Box 14 30235
Concord, NH 03302

FEB 26 2004

Dear Mr. Gaylor:

While processing your request dated March 18, 2002 for records regarding yourself, the Department of State located six documents (items 1-6) that originated in the Criminal Division of the Department of Justice and inadvertently sent the records to the Office of Information and Privacy (OIP). Since the records originated with the Criminal Division, OIP forwarded these records to us for our review and direct response to you. We received this referral on August 28, 2003.

These records were located in the following Privacy Act system of records: JUSTICE/CRM-001. The Attorney General has promulgated regulations exempting this system from the access provisions of the Privacy Act. 28 C.F.R. 16.91. Thus you are not entitled to access under that statute. We have also processed your request under the Freedom of Information Act and will make all records available to you whose release is either required by that statute, or considered appropriate as a matter of discretion.

In light of our review, we have determined to release item 1 in full and items 2-6 in part. We are withholding the portions indicated of the items pursuant to one or more of the following FOIA exemptions set forth in 5 U.S.C. 552(b):

(2)    which permits the withholding of information relating solely to the internal personnel rules and practices of an agency;

(6)    which permits the withholding of personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; and,

(7)    which permits the withholding of records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information...

(C)    could reasonably be expected to constitute an

GAYLOR V. DOJ,
Civil # 06-1469 (RBW)
Declaration of KathyHsu
**Exhibit 6**

FILE COPY

unwarranted invasion of personal privacy.

You have a right to an administrative appeal of this partial denial of your request. Department regulations provide that such appeals must be filed within sixty days of your receipt of this letter. 28 C.F.R. 16.9. Your appeal should be addressed to: The Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530. Both the envelope and the letter should be clearly marked with the legend "FOIA Appeal." If you exercise this right and your appeal is denied, you also have the right to seek judicial review of this action in the federal judicial district (1) in which you reside, (2) in which you have your principal place of business, (3) in which the records denied are located, or (4) for the District of Columbia. If you elect to file an appeal, please include, in your letter to the Office of Information and Privacy, the Criminal Division file number that appears above your name in this letter.

                    Sincerely,



                    Thomas J. McIntyre, Chief
                    Freedom of Information/Privacy Act Unit
                    Office of Enforcement Operations
                    Criminal Division

2

*rec'd 1-21-05*

05-0887  FOIA?

(F)

CRM

January 8, 2005

Priscilla Jones
Administrative Specialist
US Department of Justice
Office Of Information And Privacy
OIP/570 FLAG
Washington, D.C. 20530

Re: FOIA Request CRM-200100752P _

Dear Ms. Jones:

Perhaps you may have an answer as to why my FOIA / Privacy Act request to the
Office of International Affairs, US Dept. of Justice has not been satisfied.

I have repeatedly written to the US Dept. of Justice and received no further
reply.    Please be advised that this is a separate request than Request
0991087-000 to the F.B.I.

I will appreciate your assistance in resolving this outstanding request.

OFFICE OF INFORMATION
AND PRIVACY

JAN 2 1 2005

RECEIVED

Sincerely,

Gregory Alan Gaylor
7744 La Avenida
Dallas, Texas   75248-4331
ggaylor@sbcglobal.net

GAYLOR V. DOJ,
Civil # 06-1469 (RBW)
Declaration of KathyHsu
**Exhibit 7**



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                          *Washington, D.C. 20530*

**FEB 0 7 2005**

Mr. Gregory Alan Gaylor
7744 La Avenida Drive
Dallas, TX 75248-4331

    Re:  Request No. CRM200100752P

Dear Mr. Gaylor:

    This responds to your letter dated January 8, 2005, in which you sought to appeal from the failure of the Criminal Division to respond to your request for access to records.

    I have notified the Criminal Division of your communication. It is my understanding that the Criminal Division is still processing your request. Although the Act authorizes you to treat the failure of the Criminal Division to act on your request within the specified time limit as a denial thereof, this Office, because it lacks the personnel resources to conduct the record reviews that are necessary to make initial determinations on requests for records, cannot act until there has been an initial determination by the Criminal Division. Our function is limited to the review of those records to which access is in fact denied. You may appeal again to this Office when the Criminal Division completes its action on this particular request if any of the material is denied. We will then open a new appeal and review the Criminal Division's substantive action on your request.

    In the event that the Criminal Division still has not responded to your request at the time you receive this letter, you may, if you choose, treat my letter as a denial of your appeal and bring action in an appropriate federal court. I hope that, in making a decision, you will give sympathetic consideration to the fact that the Department of Justice has many requests pending at this time and is making every possible, reasonable effort to process them.

                           Sincerely,

                           Richard L. Huff
                           Co-Director

RLH:PAJ:ClH

                           GAYLOR V. DOJ,
                           Civil # 06-1469 (RBW)
                           Declaration of KathyHsu
                           **Exhibit 8**



**U.S. Department of Justice**

Criminal Division

_Office of Enforcement Operations_                          _Washington, D.C. 20530_

CRM-200100752P

APR  4 2006

Gregory Alan Gaylor
c/o 7744 La Avenida
Dallas, Texas 75248

Dear Mr. Gaylor:

This is in response to your request of May 11, 2001, for access to records concerning yourself.

We located 43 records (items 1-43) within the scope of your request. In light of our review, we have determined to release items 1-15 in full and items 16-43 in part. We are withholding the portions indicated of the items pursuant to one or more of the following FOIA exemptions set forth in 5 U.S.C. 552(b):

    (6)    which permits the withholding of personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, and;

    (7)    which permits the withholding of records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information...

        (C)    could reasonably be expected to constitute an unwarranted invasion of personal privacy.

We also located records originated by the Federal Bureau of Investigation, U. S. Marshals Service, Interpol and the State Department. Pursuant to Department practice we have referred these records to the originating offices for their review and direct response to you.

Although I am aware that you have filed a complaint with the United States District Court regarding this request, I am required to inform you of your right to an administrative appeal of this partial denial of your request. Your appeal should be addressed to : The Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, DC 20530-0001. Both the envelope and the letter should be clearly marked with the legend "FOIA Appeal." Department regulations provide that such appeals must be received by the Office of Information and Privacy within sixty days of the date of this letter. 28 C. F. R. 16. 9. If you exercise this right and appeal is denied, you also have the right to seek judicial review of this action in the federal judicial district (1) in which you reside, (2) in which you have your principle place of business, (3) in which the records denied are located,

RS
3/31/06

**FILE COPY**

GAYLOR V. DOJ,
Civil # 06-1469 (RBW)
Declaration of KathyHsu
**Exhibit 9**

or (4) for the District of Columbia. If you elect to file an appeal, please include, in your letter to the Office of Information and Privacy, the Criminal Division file number that appears above your name in this letter.

    We sincerely apologize for the unusual delay in this response.

                    Sincerely,


                    Thomas J. McIntyre, Chief
                    Freedom of Information/Privacy Act Unit
                    Office of Enforcement Operations
                    Criminal Division



**U.S. Department of Justice**

Criminal Division

_____

_Office of Enforcement Operations_                              _Washington, D.C. 20530_

CRM-200100752P                           AUG 2 3 2006

Gregory Alan Gaylor
c/o 7744 La Avenida
Dallas, Texas 75248

Dear Mr. Gaylor:

　　　This is in further response to your request of May 11, 2001, for access to records concerning yourself. Please see our prior response dated April 4, 2006.

　　　Based on a renewed search, we located a total of 98 records (items 1-98A) within the scope of your request. In light of our review, we have determined to release all items either in full or major part. Some of these documents are duplicates of those previously released. We are withholding the portions indicated of the items pursuant to one or more of the following FOIA exemptions set forth in 5 U.S.C. 552(b):

　　　　(6)　　which permits the withholding of personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, and;

　　　　(7)　　which permits the withholding of records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information...

　　　　　　(C)　　could reasonably be expected to constitute an unwarranted invasion of personal privacy.

　　　As we advised you in our April letter, we previously located records originated by the Federal Bureau of Investigation, U. S. Marshals Service, Interpol and the State Department. Pursuant to Department practice we referred these records to the originating offices for their review and direct response to you. No further referrals were made in connection with this latest search.

　　　Although I am aware that you have filed a complaint with the United States District Court regarding this request, I am required to inform you of your right to an administrative appeal of this partial denial of your request. Your appeal should be addressed to : The Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, DC 20530-0001. Both the envelope and the letter should be clearly marked with the legend "FOIA Appeal." Department regulations provide that such appeals must be received by the Office of Information and Privacy within sixty days of the date of this letter. 28 C. F. R. 16. 9. If you exercise this right and appeal is denied, you also have the right to seek judicial review of this action in the federal judicial district (1) in which you reside, (2) in which you have your principle place of business, (3) in which the records denied are located,

GAYLOR V. DOJ,
Civil # 06-1469 (RBW)
Declaration of KathyHsu

**FILE COPY**  **Exhibit 10**

or (4) for the District of Columbia. If you elect to file an appeal, please include, in your letter to the Office of Information and Privacy, the Criminal Division file number that appears above your name in this letter.

We again apologize for the unusual delay in this response.

Sincerely,

Thomas J. McIntyre, Chief
Freedom of Information/Privacy Act Unit     KH
Office of Enforcement Operations
Criminal Division

2



**U.S. Department of Justice**

Criminal Division

Office of Enforcement Operations

**FILE**

_(202) 616-0307_                    _Washington, D.C.  20530_

CRM-200100752P

NOV 2 8 2006

Mr. Gregory Alan Gaylor
C/O 7744 La Avenida
Dallas, Texas 75248

Dear Mr. Gaylor:

I am writing with regard to your Freedom of Information Act request of May 11, 2001, currently in litigation in the United States District Court for the District of Columbia.

As you know, by letter dated April 4, 2006, we released 43 records to you. Following your subsequent inquires, we conducted a renewed search for records pertaining to you and, on August 23, we released 98 records to you.

It is our belief that in preparing our August release we recopied and included all of the materials in our April release. Unfortunately, we are unable to now confirm that from our file or the recollection of the analyst who processed your request.

To be completely accurate in our representations to the Court, we are again producing the non-exempt materials sent to you previously. It is our belief that this third release encompasses all non-exempt materials released to you in the first and second releases. If you believe that anything has been omitted, however, please let us know as soon as possible and we will try to correct the matter.

                        Sincerely,


                        Thomas J. McIntyre, Chief
                        Freedom of Information/Privacy Act Unit
                        Office of Enforcement Operations
                        Criminal Division

_/ 11/29/06_

                        GAYLOR V. DOJ,
                        Civil # 06-1469 (RBW)
                        Declaration of KathyHsu
                        **Exhibit 11**