IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GREGORY ALAN GAYLOR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-CV-01467-RBW |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)    I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Before joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)    In my official capacity as Section Chief of RIDS, I supervise approximately 206 employees who staff a total of ten (10) units and a field operational service center unit whose collective mission is to effectively plan, develop, direct and manage responses to requests for

access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order

12958, as amended; Presidential, Attorney General and FBI policies and procedures; judicial

decisions and Presidential and Congressional directives. The statements contained in this

declaration are based upon my personal knowledge, upon information provided to me in my

official capacity, and upon conclusions and determinations reached and made in accordance

therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed

by the FBI in responding to requests for information from its files pursuant to the provisions of

the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Specifically, I am aware of the

treatment which has been afforded the six pages referred to the FBI by the Criminal Division,

Department of Justice ("DOJ"), concerning plaintiff Gregory Alan Gaylor as a result of his

FOIA/Privacy Act request to that DOJ component.

(4)     Of the six pages referred, two pages are being released in full and four pages are

released in part. In accordance with <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), this

declaration will provide the Court and plaintiff with the justification for withholding of

information from pages withheld in part pursuant to Privacy Act Exemption (j)(2), 5 U.S.C. §

552a (j)(2), and FOIA Exemptions 6, 7(C), and 7(D), 5 U.S.C.§§ 552 (b)6), (b)(7)(C), and

(b)(7)(D).

### CORRESPONDENCE RELATING TO PLAINTIFF'S REQUEST

(5)     By letter dated March 22, 2006, Department of Justice ("DOJ"), Criminal

Division submitted six pages of documents to FBIHQ for review and direct response to plaintiff.

(See Exhibit A.)

(6)    By letter dated April 18, 2006, the FBI advised plaintiff that pursuant to his request to DOJ, the FBI had reviewed six pages and was releasing five pages. Plaintiff was advised that information was being withheld pursuant to exemptions (b)(2), (b)(6), (b)(7)(C), and (b)(7)(D) as well as exemption (j)(2) of the Privacy Act. The records released in full and in part were provided to plaintiff as an attachment to the letter. Plaintiff was advised of the procedure to appeal to the DOJ, Office of Information and Privacy ("OIP").[1]  (See Exhibit B.)

## EXPLANATION USED FOR THE
## JUSTIFICATION OF DELETED MATERIAL

(7)    Upon careful review, the six pages have been further reprocessed to achieve maximum disclosure consistent with the access provisions of the Privacy Act and the FOIA.[2] Every effort is being made to provide plaintiff with all material in the public domain and with all reasonably segregable portions of releasable material. No reasonably segregable, nonexempt portions of information are being withheld from plaintiff. Copies of the reprocessed pages are attached as Exhibit C. Each page of Exhibit C is consecutively numbered GAYLOR-1 through GAYLOR-6 at the bottom of the page. The exemptions asserted by the FBI as grounds for non-disclosure of portions of pages are Privacy Act Exemption (j)(2) and FOIA Exemptions 6, 7(C), and 7(D).

## JUSTIFICATIONS FOR REDACTIONS

(8)    Paragraphs 9-23 Infra, explain the FBI's rationale for withholding information under the specific exemptions described in the paragraph above.

---

[1] Per OIP, plaintiff has not filed an administrative appeal with that office regarding the FBI denials contained herein.

[2] The FBI has dropped the use of FOIA Exemption 2 and is releasing the previously withheld page in part.

## PRIVACY ACT EXEMPTION (j)(2)

(9)     The investigatory records at issue were compiled as a result of a legitimate law enforcement request for FBI assistance. In this case, the FBI released information provided to it by the Attorney General, State of New Hampshire regarding then fugitive Gregory Gaylor. Accordingly, these files are exempt from disclosure pursuant to Exemption (j)(2) of the Privacy Act in conjunction with 28 C.F.R. § 16.96. Although access to these records was denied under the Privacy Act, they have been reviewed under the access provisions of the FOIA to achieve maximum disclosure.

## EXEMPTION (b)(6)
## CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY

(10)    5 U.S.C. § 552 (b)(6) exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

(11)    When withholding information pursuant to this exemption, the FBI is required to balance the privacy interests of four individuals mentioned in the documents against any public interest in disclosure. In asserting this exemption, each piece of information was examined to determine the degree and nature of the privacy interest of any individual whose name and/or identifying data appears in the documents at issue. The public interest in disclosure of the information is determined by whether the information in question would inform plaintiff or the general public about the FBI's performance of its mission to enforce federal criminal and national security statutes, and/or how the FBI actually conducts its internal operations and investigations. As explained below, there is no legitimate public interest in the information that has been withheld pursuant to Exemption (b)(6).

**(b)(6)**    **Names and/or Identifying Information of Members of the International Law Enforcement Community**

(12)    Exemption (b)(6) has been asserted in conjunction with Exemption (b)(7)(C) to protect the names only of four members of the international law enforcement community. The relevant inquiry here is whether public access to this information would violate a viable privacy interest of these individuals. Disclosure of this identifying information could subject these individuals to unauthorized inquiries and harassment which would constitute a clearly unwarranted invasion of their personal privacy.

(13)    In balancing the legitimate privacy interests against any public interest in disclosure, the FBI has determined that there is no public interest in disclosure of these names as this information would not shed light on the operations and activities of the federal government. Accordingly, the FBI properly withheld this information pursuant to Exemption 6. Exemption (b)(6) was cited on GAYLOR-1, GAYLOR-3, GAYLOR-4, and GAYLOR-6.

**FOIA EXEMPTION 7**
**EXEMPTION 7 THRESHOLD**

(14)    Exemption 7 of the FOIA protects from mandatory disclosure records or information compiled for law enforcement purposes, but only to the extent that disclosure could reasonably be expected to cause one of the harms enumerated in the subpart of the exemption. See 5 U.S.C. § 552(b)(7). In this instance, the harm that could reasonably be expected to result from disclosure is the invasion of the personal privacy of third party individuals and the revelation of the identity of a confidential FBI source.

(15)    Before an agency can invoke any of the harms enumerated in Exemption 7, it must first demonstrate that the records or information at issue were compiled for law enforcement

-5-

purposes. Law enforcement agencies such as the FBI must demonstrate that the records at issue

are related to the enforcement of federal laws and that the enforcement activity is within the law

enforcement duty of that agency. FBI records indicate that the State of New Hampshire

requested FBI cooperation in obtaining certain information regarding Gregory Gaylor in

connection with felony charges of flight to avoid prosecution and theft charges. Thus, this

investigation falls within the law enforcement duties of the FBI.

### FOIA EXEMPTION (b)(7)(C)
### UNWARRANTED INVASION OF PERSONAL PRIVACY

(16)    5 U.S.C. § 552 (b)(7)(C) exempts from disclosure:

> records or information compiled for law enforcement purposes, but
> only to the extent that the production of such law enforcement
> records or information . . . could reasonably be expected to
> constitute an unwarranted invasion of personal privacy . . . .

(17)    When withholding information pursuant to this exemption, the FBI is required to

balance the privacy interests of the individuals mentioned in these records against any public

interest in disclosure. In asserting this exemption, each item of information was examined to

determine the degree and nature of the privacy interest of each individual whose name and/or

identifying information appears in these records. The public interest in disclosure of this

information is determined by whether the information in question would inform plaintiff or the

general public about the FBI's performance of its mission to enforce federal criminal and

national security statutes and/or how the FBI actually conducts its internal operations and

investigations. As explained below, there is no legitimate public interest in the information that

has been withheld pursuant to Exemption (b)(7)(C).

**(b)(7)(C)    Names and/or Identifying Information Concerning Members of the International Law Enforcement Community**

(18)    Exemption (b)(7)(C) has been asserted in conjunction with Exemption (b)(6) to protect the names of four members of the international law enforcement community. The relevant inquiry here is whether public access to this information would violate a viable privacy interest of the subjects of such information. Disclosure of this identifying information could subject these individuals to unauthorized inquiries and harassment which could constitute an unwarranted invasion of their personal privacy. The rationale for protecting foreign law enforcement personnel pursuant to Exemption (b)(7)(C) is the same as that articulated for Exemption (b)(6), supra.

(19)    In balancing the legitimate privacy interests against any public interest in disclosure, the FBI has determined that there is no public interest in disclosure of these names as this information would not shed light on the operations and activities of the federal government. Accordingly, the FBI properly withheld this information pursuant to Exemption (b)(7)(C). Exemption (b)(7)(C) was cited on GAYLOR-1, GAYLOR-3, GAYLOR-4, and GAYLOR-6.

## EXEMPTION  (b)(7)(D)
## CONFIDENTIAL SOURCE MATERIAL

(20)    5 U.S.C. § 552 (b)(7)(D) provides protection for:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to disclose the identity of a confidential source, including a state, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting lawful national security intelligence investigation, information furnished by a confidential source.

(21)    Numerous confidential sources report to the FBI on a regular basis and are "informants" in the common meaning of the term.  Some of the sources provide information under an express assurance of confidentiality.  Further, during the course of an investigation, other individuals are interviewed under circumstances from which an assurance of confidentiality can reasonably be inferred.  These individuals are considered to be confidential informants or sources since they furnish information only with the understanding that their identities will not be divulged outside the FBI.

(22)    The release of a source's identity to the public would forever eliminate that source as a future means of obtaining information and providing valuable assistance in the future.  Thus, the identity of this confidential source and any specific information which would identify it has been withheld from disclosure pursuant to Exemption (b)(7)(D).

### **(b)(7)(D)**       **Names and/or Identifying Information Provided by Foreign Law Enforcement Agency with "Express" Confidentiality**

(23)    Exemption (b)(7)(D) is asserted to withhold the identity of a foreign law enforcement authority providing information to the FBI under an "express" assurance of confidentiality.  The FBI has many agreements with foreign governments under which security and/or criminal law enforcement information is exchanged.  The agreements specify the extent of confidentiality requested by the respective foreign authorities.  While one agency might request confidentiality for its identity and not necessarily the information provided, another agency might request confidentiality for both its identity and the information provided, and yet another agency may request that its information be protected while it does not object its relationship with the FBI being disclosed.  In this case, the agency has requested its relationship with the FBI be protected

from disclosure. Exemption (b)(7)(D) was cited on GAYLOR-6 to withhold only the identity of the confidential source. The information provided by this agency is released to plaintiff.

## CONCLUSION

(24)    The FBI has processed and released to plaintiff all segregable information from the pages referred by DOJ. The FBI carefully re-examined the records at issue in this case and is releasing herewith six pages with carefully tailored redactions pursuant to FOIA Exemption 6, 7(C), and 7(D). The FBI has determined that the information withheld from plaintiff in this case, if disclosed, could reasonably be expected to cause an unwarranted invasion of the privacy interests of the third parties and reveal the identity of a confidential source.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibit A thru C attached hereto are true and correct copies.

Executed this ___8th___ day of January, 2007.


DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY ALAN GAYLOR,          )
                              )
    Plaintiff,                )
                              )
          v.                  )     Civil Action Number: 06-CV-01467-RBW
                              )
U.S. DEPARTMENT OF JUSTICE,.  )
                              )
                              )
    Defendant.                )
                              )

# EXHIBIT A



**U.S. Department of Justice**

Criminal Division

_Washington, D C  20530_

MAR 2 2 2006

**MEMORANDUM**

**To:**   David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W,, Room 6387
Washington, D.C.  20530-0001

**From:** Thomas J. McIntyre, Chief
FOIA/PA Unit
Criminal Division
Suite 1127, Keeney Building
950 Pennsylvania Avenue, N.W.
Department of Justice
Washington, D.C.  20530-0001

# IN LITIGATION

**Re:**   Privacy Act Request - Gregory Alan Gaylor - #200100752P

We are processing a Privacy Act request from the person named above.  In searching our system CRM-026, we have located the attached records which originated in an office for which you are responsible or which we have concluded are of primary interest to your office.  We are referring these records to you for direct reply to the requester.  We have also attached a copy of the request letter for your assistance and have advised the requester of this referral.

Please address correspondence to us concerning this matter to:  Thomas J. McIntyre, Chief, Freedom of Information/Privacy Act Unit, Office of Enforcement Operations, Criminal Division, Department of Justice, Washington, D.C.  20530.  Attention: Rhonda Smith, (202) 514-1123.

**Please be advised that this matter has recently become the subject of litigation in the United States District Court for the District of New Hampshire.  The AUSA handling the litigation is Gretchen Witt.  She can be reached at 603-225-1552.  Since we are in litigation regarding this matter, your expedited treatment will be appreciated.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY ALAN GAYLOR,                    )
                                        )
    Plaintiff,                          )
                                        )
            v.                          )    Civil Action Number: 06-CV-01467-RBW
                                        )
U.S. DEPARTMENT OF JUSTICE,             )
                                        )
                                        )
    Defendant.                          )
                                        )

# EXHIBIT B

-11-



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

April 18, 2006

Mr. Gregory Alan Gaylor
7744 La Avenida Drive
Dallas, Texas 75248

*Subject: Gregory Alan Gaylor - FOIPA # 1042051*

Dear Mr. Gaylor:

You were previously advised by the Department of Justice that information located in your Privacy Act Request, #200100752P was being referred to us for review and direct response to you.

The enclosed documents were reviewed and are being released to you with deletions made pursuant to subsections (b)(2), (b)(6), (b)(7)(C), (b)(7)(D), and (j)(2), of Title 5, United States Code, Sections 552 and 552a. See the enclosed form for an explanation of these exemptions.

You may appeal any FBI denials by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, NW, Suite 11050, Washington, D.C., 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may easily be identified.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY ALAN GAYLOR,          )
                              )
    Plaintiff,                )
                              )
        v.                    )    Civil Action Number: 06-CV-01467-RBW
                              )
U.S. DEPARTMENT OF JUSTICE,   )
                              )
                              )
    Defendant.                )
                              )

# EXHIBIT C

-12-



# Federal Bureau of Investigation

## Freedom of Information / Privacy Acts

## Release

**Subject:** *Gaylor, Gregory Alan*



# STATE OF NEW HAMPSHIRE
## NH DEPARTMENT OF JUSTICE
## OFFICE OF THE ATTORNEY GENERAL
## CRIMINAL JUSTICE BUREAU
### 33 CAPITOL STREET, CONCORD, NH 03301
### TELEPHONE: 603-271-3671 / FAX: 603-271-2110

*10/5 - I spoke to Domian - Told him to talk to Debora Conuth and to keep her advised of all new info - HDC is also please I noticed ___ in the loof to ___ as well. JM*

## FAX COVER SHEET

## ~~CONFIDENTIAL~~

b6
b7C

CRIMINAL DIVISION    99 OCT -4 PM 1:41    OFFICE OF INTERNATIONAL AFFAIRS

FROM:  INVEST. Chris Domian

TO:  Atty. Judith Friedman

PHONE NUMBER: (F) 202- 514-0080

# OF PAGES (including cover):  3

DATE:  10/4/99                 TIME:  1:33 pm

SPECIAL REMARKS:  See Attached

*The document accompanying this telecopy transmission contains information that is confidential and/or legally privileged. The information is intended only for the uses of the individual or entity named on this transmission sheet. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this telecopy in error, please notify us by telephone immediately, so that we can arrange for the return of the original documents to us at no cost to you.*

GAYLOR-1

23

10-04-1999  01:33pm                                                    P. 02



# ATTORNEY GENERAL
## STATE OF NEW HAMPSHIRE

**33 CAPITOL STREET**
**CONCORD, NEW HAMPSHIRE 03301-6397**

PHILIP T. McLAUGHLIN                                         STEVEN M. HOURAN
ATTORNEY GENERAL                                            DEPUTY ATTORNEY GENERAL

October 4, 1999

United States Department of Justice              Fax #: 202-514-0080
Office of International Affairs                  Time faxed:  1:33 PM
ATTN:  JUDITH FRIEDMAN
P.O. Box 27330
Washington, DC  20038

          RE:  Fugitive Gregory A. Gaylor
               OIA Reference #95-100-11165

Dear Ms. Friedman:

          The Concord, New Hampshire Office of the Federal Bureau of
Investigation(FBI) notified this agency today that subscriber information has been
obtained on a Swiss telephone number previously requested by this agency.  The FBI
Legate in Bern, Switzerland has advised the Concord FBI that the following
telephone number:

                          41 763 72 7235

is listed to Fugitive Gregory Alan Gaylor and that the address listed for the above
referenced subscriber is:

                     Birmensdorferstrasse #120
                     3800 Interlaken, Switzerland

The FBI Legate in Bern has also advised this agency that they would like a copy of
the provisional warrant faxed to them as soon as possible.  The name and fax number
for the Bern FBI Legate is:

                          HERB COHRS
                          01-41-31-3577368

GAYLOR-2

Page Two
October 4, 1999

The FBI Bern Legate has also advised this agency that they would not be able to take
Gaylor into custody on the provisional warrant, but would be willing to work with
local Swiss law enforcement should you request they do so.

This information is being forwarded to you for whatever action you deem
appropriate. Thank you for your ongoing assistance and please feel free to contact me
should you have any questions at (603) 271-3671.

Sincerely,

Christopher T. Domian
Criminal Investigation
Criminal Justice Bureau
(603) 271-3671

cc          Interpol
CTD:sch
I28778                    b6
                          b7C

GAYLOR-3

TOTAL P.03



# STATE OF NEW HAMPSHIRE
# DEPARTMENT OF JUSTICE
# OFFICE OF THE ATTORNEY GENERAL
# CRIMINAL INVESTIGATION SECTION
### 33 CAPITOL STREET, CONCORD, NH 03301
### TELEPHONE: 603-271-3671 / FAX: 603-271-2110

# FAX COVER SHEET

## PRIVILEGED AND CONFIDENTIAL

*TO:* __ATTY. DEBORAH CARUTH__        *FAX:* __202-514-0080__

*FROM:* __INV. CHRIS DOMIAN__        *TELE #:* __603-271-3671__

*PAGER(24 HOURS A DAY):* __603-771-1040__

*# OF PAGES (including cover):* __TWO__

*DATE:* __OCTOBER 14, 1999__        *TIME:* __4:40 P.M.__

*SPECIAL REMARKS:*    __Atty. Caruth, This UFAP was obtained__
__today for Gaylor by the Bedford, New Hampshire office of the__
__FBI. I've forwarded a copy to Agent_____ __of Interpol.__        b6
                                                                        b7C

*The document accompanying this telecopy transmission contains information that is confidential and/or legally
privileged. The information is intended only for the uses of the individual or entity named on this transmission sheet. If
you are not the recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in
reliance on the contents of this information is strictly prohibited. If you have received this telecopy in error, please notify
us by telephone immediately, so that we can arrange for the return of the original documents to us at no cost to you.*

GAYLOR-4

P.02

10-14-1999  04:40PM
co g ioiii
RO 442 (Rev. 5/93) Warrant for Arrest

# United States District Court

DISTRICT OF ————— NEW HAMPSHIRE

UNITED STATES OF AMERICA

V.

Gregory A. Gaylor

## WARRANT FOR ARREST

CASE NUMBER: 99-60m-1

**COPY**

To:  The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest  Gregory A. Gaylor
                                                                    Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment  ☐ Information  ☒ Complaint  ☐ Order of Court  ☐ Violation Notice  ☐ Probation Violation Petition

charging him or her with  (brief description of offense)

flight to avoid prosecution ("move and travel in interstate commerce
with the intent to avoid prosecution" under the laws of the State of
New Hampshire for the crime of Theft, in violation of RSA 637:1 et seq,
which is a Class A felony under the laws of the State of New Hampshire

in violation of Title ____18____ United States Code, Section(s) ____1073____

_James R. Muirhead_
Name of Issuing Officer

_James R. Muirhead_
Signature of Issuing Officer

_U.S. Magistrate Judge_
Title of Issuing Officer

_October 14, 1999   Concord, N.H._
Date and Location

Bail fixed at $ _____ by _____
                                                                    Name of Judicial Officer

| RETURN | | |
| --- | --- | --- |
| This warrant was received and executed with the arrest of the above-named defendant at _____ | | |
| _____ | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | GAYLOR-5 | |

TOTAL P.02

10-05-1999  04:19PM

b7D

# *FAX*

10

04 Oct 99

Seiten (inkl. Titelseite):
Total pages (including cover sheet):      1
Total pages (couverture incluse):

**Embassy of the United States of America**

**Office of the Legal Attache /FBI Bern**
**Attn: Herbert E. Cohrs**

Fax:      **031 357 7368**

~~168D-BS-85088~~
62D - 65 - 85058

ZSD/241788/Zb

## GREGORY ALAN GAYLOR, 07/23/1953

Dear Sir,

Subscriber check showed that the Swiss telephone numbers belong to:

076 372 7235          GREGORY ALLAN Gaillor, Birmensdorferstrasse 20
                      in 3800 Interlaken

033 821 6153/52       Hotel du Lac, 3707 Därligen

033 823 4032          NOVOMAT AG, Rosenstrasse 13 3800 Interlaken

026 924 5804/6702     Hotel Ermitage, 1837 Chateau-d'Oex

We asked the Cantonal Police of Bern and Vaud to make secret inquiries
about the whereabouts of GAYLOR. This afternoon I personally spoke to the
Chief in Interlaken who calls me back tomorrow.

For any further assistance please feel free to call our office.

Yours sincerely

b6
b7C

OCT-04-1999  16:25  FROM  FBI  BEDFORD  NH  TO  2712110  P.82

GAYLOR - 6          TOTAL P.10