IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Gregory Alan Gaylor,<br><br>        Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, Criminal Division<br><br>        Defendant | Case No. 1:06CVO1467 |

## DECLARATION

I, WILLIAM E. BORDLEY, hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am an Associate General Counsel and the Freedom of Information/Privacy Act Officer of the United States Marshals Service (USMS), assigned to the Headquarters, Office of General Counsel (OGC), in Arlington, Virginia. I am experienced with the procedures for responding to requests made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a, for information maintained in the records and files of the USMS. The USMS Headquarters Office of General Counsel (OGC) is responsible for processing all FOI/PA requests made to any USMS office located throughout the United States pursuant to USMS policy.

2. On April 10, 2006, the USMS Office of General Counsel received by fax a memorandum dated March 22, 2006, from the Department of Justice, Criminal Division requesting the USMS to review two documents in response to a Privacy Act request by Gregory Alan Gaylor. The two pages were referred to the USMS for disclosure determination and direct response to the plaintiff.

3. By letter dated April 14, 2006, the USMS responded to plaintiff's request by releasing to plaintiff the two documents with information redacted and withheld pursuant to exemptions 2 and 7(C) of the Freedom of Information Act, 5 U.S.C. § 552(b)(2) and 5 U.S.C. § 552(b)(7)(C).

4. The documents referred by the Criminal Division are records maintained by the USMS in the Prisoner Processing and Population Management/Prisoner Tracking System (PPM/PTS), JUSTICE/USM-005) system of records. Records maintained in this system are compiled for law enforcement purposes in connection with the USMS receipt, processing, transportation and custody of prisoners, the execution of federal arrest warrants, and the investigation of fugitive matters. See Rule 4, Fed. R. Cr. Procedure, 18 U.S.C. § 4086, 28 U.S.C. § 566, and 28 C.F.R. § 0.111(a),(j), (k), (q). As such, these systems of records are exempt from the access provisions of the Privacy Act pursuant to 5 U.S.C. 552a(j)(2). See 28 C.F.R. § 16.101(a),(q). Therefore, to ensure maximum access, plaintiff's records were processed for disclosure pursuant to the FOIA, 5 U.S.C. § 552.

5. Exemption 7(C) allows an agency to withhold records or information compiled for law enforcement purposes to the extent that production could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C). This

exemption was applied to the two documents released to plaintiff to withhold the USMS employees' names and dates of birth, along with the names of other third-party individuals and their phone numbers. Plaintiff presented no legitimate public interest in disclosing the identifying information regarding USMS employees and third-party individuals. To the contrary, the release of the identities and identifying information could subject these individuals to unwarranted public attention, embarrassment, harassment, and annoyance for being associated with a criminal law enforcement matter. Releasing this information would not shed any light on the USMS's performance of its statutory duties. Therefore, there is no legitimate public interest that would outweigh the privacy of these individuals. Disclosure to the plaintiff would be equivalent to disclosure to the public, and, as such, would constitute a clearly unwarranted invasion of personal privacy. 5 U.S.C. §552(b)(7)(C).

6. Exemption 2 allows an agency to withhold matter related solely to internal personnel rules and practices. Exemption 2 applies to matters either so routine or trivial that they could not be of genuine and significant public interest, or for disclosures that would risk circumvention of a statute or regulation or impede an entity's law enforcement activities. This exemption was applied to withhold an internal reference number and a USMS credit card number pursuant to exemption 2; there is no legitimate public interest in disclosing information regarding the internal reference number. Disclosure of the credit card number would present an opportunity for misuse and fraud for persons with malicious intentions. The credit card and internal reference numbers meet the test of predominantly internal information set forth in Crooker v. BATF, 670 F.2d 1051, D.C. Cir (1981), for withholding information pursuant to exemption 2.

7. In summary, two documents were released to plaintiff with the deletions described

above. All non-exempt portions of responsive documents have been segregated and released to plaintiff.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my information and belief.

12/13/06
Date Executed

WILLIAM E. BORDLEY