UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| GREGORY ALAN GAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 05-414-PB, U.S.D.C.,D.N.H. |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## DECLARATION OF DOROTHY S. BEATY

I, DOROTHY S. BEATY, hereby declare:

1. I have been employed by the U.S. Department of Justice, Interpol-U.S. National Central Bureau (USNCB), as a Freedom of Information and Privacy Acts Specialist since April 2000. In this capacity, I respond to requests for records of the USNCB made under the Freedom of Information Act (FOIA), Title 5, United States Code § 552 (1994), as amended by the Electronic Freedom of Information Act Amendments of 1996, Title 5 United States Code § 552 and the Privacy Act (PA), Title 5, United States Code § 552a. As part of my official duties, I am familiar with the USNCB's procedures for responding to requests under the FOIA and PA. My knowledge of the information discussed in this declaration results from my personal review of the forty-two page document referred to USNCB by the U.S. Department of Justice, Criminal Division.

## PROCESSING OF THE REFERRAL

2. By transmittal of March 22, 2006, I received from the Criminal Division a memorandum from Thomas J. McIntyre, Chief, along with a copy of the Plaintiff's request and a referral of a forty-two (42) page document which originated from the USNCB.

3. Upon its receipt, USNCB assigned the referral FOIA number 2006-0074.[1]

4. By letter dated April 5, 2006, USNCB responded directly to Plaintiff concerning these documents. Of the forty-two (42) referred pages, two pages were released in their entirety by USNCB, twenty-six pages were released in part with redactions taken pursuant to FOIA Exemptions (b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(E). Additionally, fourteen pages (of which eleven were duplicates; pages 6 &12; 8 & 9; 13 & 14; 15, 16 & 41; and 36 & 42) were withheld in their entirety pursuant to FOIA Exemption (b)(7)(D).

## JUSTIFICATION FOR NON-DISCLOSURE UNDER FOIA

## FOIA EXEMPTION (b)(2)

5. Exemption (b)(2) of the FOIA sets forth an exemption for information relating solely to the internal rules and practices of an agency. Sensitive information consisting of an internal INTERPOL-USNCB investigative case file number, which is a computer-generated file number was deleted from the documents released to Plaintiff. The numbers are used solely as an internal method of organization by USNCB and relate to the fashion in which files are maintained at USNCB. Also, the email address of a third-party was deleted from the documents released to Plaintiff. There is no public interest in the release of these numbers and mailing address. Thus, deletion of the numbers and email address is appropriate under (b)(2).

---

[1] A new FOIA/PA request received at the USNCB is assigned a two part numerical identifier. The first part is the last two digits of the year in which the request is received. The second part is comprised of four digits which represent the order in which the request was received during the calendar year. Plaintiff's FOIA request was assigned FOIA #2006-0074, indicating that his request was the seventy-fourth request received in calendar year 2006.

## FOIA EXEMPTION (b)(7)(C)

6. Exemption (b)(7)(C) sets forth an exemption for information compiled for law enforcement purposes, the disclosure of which would constitute an unwarranted invasion of personal privacy. The materials deleted under Exemption (b)(7)(C), consist of the names and initials of special agents, INTERPOL law enforcement and clerical personnel who work on investigations for USNCB and third-parties information. The disclosure of their identities would be an unwarranted invasion of their personal privacy. Release of these individuals' identities would constitute an unwarranted invasion of privacy by seriously prejudicing their effectiveness in the conduct of other cases to which they may be assigned. Public acknowledgment of the identities of these individuals would subject them to possible undue pressure from the Plaintiff or other individuals who may seek to prejudice the outcome of INTERPOL investigations or to obtain unauthorized access to information about them for purposes of harassment or intimidation. There is no public interest in the release of the identities of these INTERPOL-USNCB personnel or third-parties. These individuals have a privacy interest in not having his or her name involuntarily disseminated to the public.

## FOIA EXEMPTION (b)(7)(D)

7. Exemption (b)(7)(D) of the FOIA protects for "records or information compiled for law enforcement purposes (which) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful

3

national security intelligence investigation, information furnished by a confidential source." 5 U.S.C. § 552 (b)(7)(D).

When invoking Exemption (b)(7)(D), the agency must demonstrate that the information was compiled for a law enforcement purpose, that an informant provided the information under either an expressed or an implied promise of confidentiality and, under the first clause of (b)(7)(D), that disclosure could reasonably be expected to disclose the source's identity. If an individual has not been given an <u>expressed</u> promise of confidentiality, the agency may demonstrate that a source has been given an <u>implied</u> promise of confidentiality based upon the circumstances of the case. The government may establish implied assurances of confidentiality by describing "generic circumstances in which an implied assurance of confidentiality fairly can be inferred." Such circumstances include the character of the crime being investigated, and the source's relation to the nature of the crime. Once the agency has demonstrated that information was given by a confidential informant, Exemption 7(D) applies not only to the name of the source, but to other information as well. Further, the first clause of Exemption 7(D) not only protects obviously identifying information, such as an informant's name and address, but also all information which would tend to reveal the source's identity.

8. Interpol is an international criminal police organization that was created to ensure and promote the widest possible mutual assistance between all criminal police authorities within the limits of the law existing in the different countries. The organization has its secretariat in Paris, France, where experts in various branches of law enforcement work to assist its 186 member countries in coordinating law enforcement efforts by compiling and exchanging information on criminal activity. Each member country designates a national law enforcement agency – the United States has appointed USNCB –

4

referred to as its "national central bureau" (NCB), to serve as a message and information exchange between that country and Interpol. Official inquiries emanating from law enforcement entities within a member country are channeled through its national central bureau to Interpol, and the route is reversed for responses. The NCBs thus serve as transmitters between domestic law enforcers and Interpol, which, in turn, is the conduit of communication among the national central bureaus of different nations.

9. One of USNCB's most important functions is to respond to inquiries from foreign law enforcement agencies for confidential source information gathered in the United States for law enforcement purposes. Likewise, USNCB often requests foreign law enforcement agencies to supply information that may be of interest to domestic law enforcement organizations. The expectation of confidentiality in the exchange of this law enforcement information about criminal activity between member countries has been explicitly documented by the General Assembly, the governing body of Interpol, in resolutions adopted in 1974 and 1988.

10. The 1974 resolution (AGN/43/RES/1) states, in part, that the General Assembly "urges that in exchanging information, the ICPO-INTERPOL NCBs and the General Secretariat take into account the privacy of the individual and <u>strictly confine</u> the availability of the information to official law enforcement and criminal justice agencies." Similarly, the 1988 resolution (AGN/57/RES/20) states:

> FOLLOWING the discussion, during the Meeting of Heads of National Central Bureaus, on the confidential nature of documents, information and other items related to criminal matters,
>
> CONVINCED of the need to protect the confidential nature of any such documents, information or items that one NCB may receive from another or from the General Secretariat,
>
> CONSIDERING that failure to respect confidentiality in such cases may adversely

5

affect international police co-operation,

The ICPO-Interpol General Assembly, . . .

URGES NCBs:

> - to protect the confidential nature of any documents, information and other items relating to criminal matters that they receive from other NCBs or from the General Secretariat.
>
> - to take all necessary steps to ensure that such documents, information and items are used solely for crime prevention, crime investigation and criminal proceedings.

11. Pursuant to this agreement among Interpol NCB's, with regard to the forty-two pages referred by the Criminal Division in this case, USNCB withheld pursuant to FOIA Exemption 5 U.S.C. § 552(b)(7)(D) identifying references to the foreign NCBs which provided information in confidence to USNCB for law enforcement purposes. Further, USNCB withheld portions of the information contained in these documents because they reflected confidential information provided by a foreign NCB on behalf of a foreign law enforcement agency that was conducting a criminal investigation of Plaintiff. The disclosure of these confidential sources and information would be in violation of the expressed agreement of confidentiality among Interpol NCB's and would seriously hamper the ability of USNCB to elicit cooperation in the future from foreign NCBs and law enforcement organizations, thereby threatening future intelligence and investigative cases against suspected criminals and terrorists.

## REVIEW FOR REASONABLE SEGREGABLE INFORMATION

12. Each page was evaluated by USNCB for segregability. The USNCB has released to Plaintiff all material that could be reasonably segregated from the withheld material. A review of the redacted documents shows that no further information can be segregated without releasing information

properly withheld under the FOIA. With the exception of information withheld under FOIA Exemptions (b)(2), (b)(7)(C) (b)(7)(D) and b)(7)(E), the only information withheld by USNCB in the forty-two pages consists of the identifying information of foreign NCBs and a minimal amount of the confidential information that they provided to USNCB. Thus, this information cannot be further segregated without violating (b)(7)(D).

## FOIA EXEMPTION (b)(7)(E)

13. Exemption (b)(7)(E) affords protection to all law enforcement information that would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. Plaintiff was denied access to 1 ½ line of text which, if disclosed, would have revealed procedural guidance in the investigation.

Pursuant to the provisions of Title 28, United States Code, Section 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on December 12, 2006.

*Dorothy S. Beaty*
Dorothy S. Beaty
Freedom of Information & Privacy Act Specialist