Brown, Simon

| | |
|---|---|
| From: | Amy.Olson@usdoj.gov |
| Sent: | Thursday, February 23, 2006 5:03 PM |
| To: | Brown, Simon |
| Cc: | Donald.Ashley@usdoj.gov |
| Subject: | RE: |

Don, thanks for forwarding.

Simon, we sent your office's letter to the Swiss Federal Office of Justice and have not heard from them since. We presume that they are satisfied with that letter.

Amy

-----Original Message-----
From: Ashley, Donald
Sent: Thursday, February 23, 2006 4:58 PM
To: 'Simon.Brown@doj.nh.gov'
Cc: Olson, Amy
Subject: Re:

I'n now in our Rome office handling Italian cases. Amy Olson is now working on the Swiss cases, including this one. Good luck! Don

-----Original Message-----
From: Simon.Brown@doj.nh.gov <Simon.Brown@doj.nh.gov>
To: Ashley, Donald <Donald.Ashley@usdoj.gov>
Sent: Thu Feb 23 16:36:58 2006
Subject:

Dear Mr. Ashley:

Karen Huntress of this office was in touch with you concerning Gregory Gaylor's claim that his NH sentences violate the Swiss-US extradition treaty. In November you had requested a written response from NH DOJ concerning this issue, and such a letter was sent in December 2005.

I am currently handling Mr. Gaylor's federal habeus corpus petition in which he raises a violation of the treaty as an issue. My response is due on Feb. 27. I am writing to see if the Swiss authorities issued any response to you concerning this office's letter.

Thanks for your assistance.

Regards,
Simon Brown

Simon R. Brown
Senior Assistant Attorney General
Chief, Criminal Justice Bureau
tele: (603) 271-3671
fax: (603) 223-6246

# ATTORNEY GENERAL
## DEPARTMENT OF JUSTICE

33 CAPITOL STREET
CONCORD, NEW HAMPSHIRE 03301-6397

KELLY A. AYOTTE
ATTORNEY GENERAL



MICHAEL A. DELANEY
DEPUTY ATTORNEY GENERAL

December 6, 2005

**VIA FACIMILE**
**(202)514-0080**

Mary Ellen Warlow, Director
Office of International Affairs
Criminal Division
United States Department of Justice

**RE: Your Reference: 95-100-11165 - Gregory Alan Gaylor - DOB: 7/23/58**

Dear Director Warlow:

This letter is in response to your November 22, 2005 letter to the New Hampshire Attorney General's Office inquiring as to the status of the sentences Mr. Gaylor is serving at the New Hampshire State Prison.

By way of review, on June 29, 1999 Gregory Gaylor was sentenced, *in absentia*, on the following cases:

98-S-468 – Evasion of Payment of New Hampshire Business Profits Tax - 3 ½ to 7 years, stand committed, consecutive to 98-S-469.

98-S-469 – Theft by Misapplication – 7 ½ to 15 years, stand committed, consecutive to 98-S-468.

98-S-471 – Theft by Misapplication – 7 ½ to 15 years, stand committed, concurrent with 98-S-469

98-S-474 - Theft by Misapplication – 3 ½ to 7 years, stand committed, consecutive to 98-S-468 and 469.

9

Telephone 603-271-3658 • FAX 603-271-2110 • TDD Access: Relay NH 1-800-735-2964

According to New Hampshire Department of Corrections ("DOC") Bureau of Offender Records, Mr. Gaylor began serving his sentences at the New Hampshire State Prison on August 10, 2000. Initially DOC records showed Mr. Gaylor as serving sentences 98-S-468 and 98-S-469 concurrently. At some point during the summer of 2005 DOC's Administrator of Offender Records, Cyndi Crompton, was notified by Assistant Attorney General Karen Huntress that there was an error in the way the sentences had been inputted into the DOC's computer system. Attorney Huntress advised Ms. Crompton correctly that 98-S-469 and 98-S-468 were consecutive sentences and not concurrent sentences. Additionally, 98-S-471 was supposed to be served concurrently, not consecutively, with 98-S-469. Attorney Huntress advised Ms. Crompton of this error as well. Attorney Huntress also advised Ms. Crompton that 98-S-468 could not be served at that time because Mr. Gaylor had not been extradited on that charge. Based on a review of the sentences issued out of the Merrimack County Superior Court, Ms. Crompton corrected the clerical errors by including 98-S-471 as a concurrent sentence to 98-S-469 and removing 98-S-468 from the computer system. It should be noted that throughout this time Mr. Gaylor was correctly serving and being held on 98-S-469. Currently he is serving time on both 98-S-469 and 98-S-471.

Then on October 12, 2005, based on the recommendation of legal counsel at the DOC, sentence 98-S-468 was re-inputted into the computer but this time correctly as a consecutive sentence. Thus, 98-S-468 is now consecutive to all of the sentences that Mr. Gaylor is currently serving and will serve in the future. Therefore, Mr. Gaylor is NOT serving 98-S-468 now. While it is admitted that the DOC's computer records erroneously showed Mr. Gaylor as serving 98-S-468, that error has been corrected. Also, since Mr. Gaylor was serving 98-S-469, a sentence with a longer minimum and a longer maximum sentence, he was properly being held by the DOC under 98-S-469 and was at no time being illegally held on 98-S-468.

In summary, Mr. Gaylor's was not and is not currently being required to serve 98-S-468. Further, we understand from the United States Department of Justice that under the International Treaty and the circumstances of this case, as they exist today, Mr. Gaylor cannot be required to serve this sentence and therefore is not. Additionally, the prosecutor in this case intends to file a motion with the sentencing court to notify it that 98-S-468 cannot be imposed further clarifying the matter. While an earlier and erroneous DOC computer record did show Mr. Gaylor as serving 98-S-468, that was a clerical error which has since been corrected. Finally, since Mr. Gaylor was, at all times, properly held on other sentences he has not, and is not being held contrary to the International Treaty.

#103704

Please let me know if you need any additional information.

Sincerely,

Michael K. Brown
Senior Assistant Attorney General

MKB:cl