UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY ALAN GAYLOR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF JUSTICE )<br>)<br>Defendant. )<br>_____) | Civil Action No. 06-1467 (RBW) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiff requests that the Court enter summary judgment in his favor because the Department of Justice did not meet the administrative deadlines set by the Freedom of Information Act and plaintiff found it necessary to file the instant action. Plaintiff's motion requests that the Court enter judgment in his favor and award him $250.00.

FOIA confers jurisdiction upon the Court to provide relief to a plaintiff only where requested documents have been "improperly withheld" by an agency. 5 U.S.C. § 552(a)(4)(B). Courts have interpreted this section of the statute to mean that jurisdiction exists only upon a showing by the plaintiff that the defendant (1) improperly (2) withheld (3) agency records. See Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980). Indeed, "[t]he plaintiff must show that the agency 'contravened all three components of this obligation' in order for jurisdiction to be valid." Kuffel, 882 F. Supp. at 1120 (citing Kissinger, 445 U.S. at 151.) Absent such a showing, FOIA confers no "judicial authority to devise remedies and enjoin agencies." Id.

If, during the course of litigation, all documents responsive to a FOIA requests are released, the action is moot and should be dismissed – there is no justiciable case or controversy.

As explained by the D.C. Circuit, "[h]owever fitful or delayed the release of the information . . . if we are convinced that [the agency] belatedly released all non-exempt material, we have no further judicial function to perform under the FOIA." Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987) (quoting Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982) ("We are not authorized to make advisory findings of legal significance on the character of the agency conduct vis-a-vis any requester of information.")).  See also Northwest Coalition for Alternatives to Pesticides v. E.P.A., No. 99-0437 (EGS), 2005 WL 607876, *3 (D.D.C. Mar. 16, 2005) ("In the instant case, the plaintiff has successfully obtained all of the documents to which it is entitled under FOIA and there is no more for the Court to do . . ..  Therefore, defendant's motion for summary judgment is GRANTED.").

The reason for this requirement is simple – "[a] FOIA action is designed to remedy the improper withholding of documents and to compel their disclosure; it does not provide an after-the-fact remedy once documents have been released, however tardily." Landmark Legal Found. v. Environmental Protection Agency, 272 F. Supp. 2d 59, 69 (D.D.C. 2003).  In fact, whether or not an agency complied with the deadlines contained in the FOIA is irrelevant once a party files an action in District Court and the agency responds. Atkins v. Department of Justice, No. 90-5095, 1991 WL 185084, *1 (D.C. Cir. Sept. 18, 1991) ("The question whether DEA complied with the Freedom of Information Act's (FOIA) time limitations in responding to Aaron Atkins' request is moot because DEA has now responded to this request."); True blood v. United States Dept. of Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996) ("Regardless of how long it took the defendant to comply with a plaintiff's FOIA request, the case or controversy evaporates when the documents are released.").

By letter dated February 7, 2005, plaintiff was informed that his FOIA request was being processed and, at his option, he could treat the delay in processing as a denial of his appeal and file suit. Plaintiff chose to file suit. After he filed suit, however, the DOJ conducted a reasonable search and produced to plaintiff all non-exempt materials. See Defendant's Motion for Summary Judgment. In doing so, DOJ has complied with its obligations under FOIA and plaintiff is not entitled to summary judgment, or his filing fees in this action.[1]

## CONCLUSION

Because the Department of Justice has produced all non-exempt material located after a reasonable search, plaintiff is not entitled to summary judgment.

---

[1] In fact, plaintiff is not entitled to an award of costs unless he "substantially prevails" on the merits of his claim. Oil, Chemical & Atomic Workers International Union v. Department of Energy , 288 F.3d 452, 455-57 (D.C. Cir.2002) . ("for an award of attorney fees, [plaintiff] must have 'been awarded some relief by [a] court,' either in a judgment on the merits or in a court-ordered consent decree").

March 22, 2007                                          Respectfully submitted,

    /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

    /s/
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

    /s/
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I certify that, on March 22, 2007, a copy of the foregoing was served upon plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid to plaintiff:

Gregory Alan Gaylor
#30235
NH State Prison
PO Box 14
Concord, NH 03302-0014

                                                          _____
                                                          JOHN F. HENAULT
                                                          Assistant United States Attorney