## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GREGORY ALAN GAYLOR,      )
                                  )
              Plaintiff,      )
                                  )
      v.                   )      Civil Action No.  06-1467 (RBW)
                                  )
DEPARTMENT OF JUSTICE      )
                                  )
             Defendant.     )
_____)

## DEFENDANT'S REPLY IN SUPPORT OF SUMMARY JUDGMENT

Plaintiff opposes defendant's motion for summary judgment on the sole basis that he did not receive a copy of a letter that was forwarded by the Department of Justice on behalf of the New Hampshire Attorney General to the Swiss Federal Office of Justice.  Because this letter was not produced, plaintiff asserts, there are questions as to the accuracy of defendant's disclosures and the existence of undisclosed, non-exempt documents.  Plaintiff's claim is unfounded and judgment in defendant's favor is appropriate.

## ARGUMENT

In responding to a FOIA request, an agency is under a duty to conduct a reasonable search for responsive records.  Cleary, Gottlieb, Steen & Hamilton v. Dep't. of Health and Human Services, 844 F. Supp. 770, 776 (D.D.C. 1993).  The agency has an obligation to show that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. Dep't. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991). The issue is not whether there might exist any other records possibly responsive to the request, but rather whether the search for responsive records was adequate.  Nation Magazine

v. U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).  "'[T]he search need only be reasonable; it does not have to be exhaustive.'"  Miller v. U.S. Dep't. of State, 779 F.2d 1378, 1383 (8th Cir. 1985) (citing Nat'l Cable Television Ass'n v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973)).  Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent.  Nation Magazine, 71 F.3d at 892 n.7.  Simply stated, the adequacy of the search is "dependent upon the circumstances of the case."  Truitt v. Dep't. of State, 897 F.2d 540, 542 (D.C. Cir. 1990).  The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate."  Steinberg v. U.S. Dep't. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg, 745 F.2d at 1485).

Defendant's motion for summary judgment and accompanying declaration of Kathy Hsu explained the process that the Department of Justice followed to search for responsive documents.  See Def's Motion pp. 7-8.  As explained in the motion, such a search was reasonable in light of plaintiff's request.  Id.  In opposition to defendant's motion, plaintiff alleges that DOJ failed to produce a single letter from the New Hampshire Attorney General's Office to the Swiss Federal Office of Justice.  As explained in the attached declaration of Kathy Hsu, the letter to which plaintiff refers did not originate with DOJ and it appears that the only role DOJ played in the letter was to forward the letter to the Swiss authorities.  Declaration of Kathy Hsu ¶ 4.  Moreover, as set forth in the Hsu declaration, it is not uncommon for documents referenced in the DOJ files to not themselves be located in the files.  Id.

Notably, plaintiff does not challenge any of the withholdings set forth in defendant's

motion.  "It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."  Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp.2d 174, 178 (D.D.C. 2002) (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997)); see also United States v. Real Prop., Parcel No.03179-005R, Civ. A. No. 01-0706, 2003 WL 224053382 at * 12 (D.D.C. Oct. 21, 2003); Bancoult v. McNamara, 227 F. Supp.2d 144, 149 (D.D.C. 2002).  Because plaintiff has not challenged the withholdings, all issues relating to those withholdings are conceded.

## CONCLUSION

As set forth herein, as well as in defendant's motion, because DOJ conducted a reasonable search, and produced all non-exempt records to plaintiff, summary judgment in favor of DOJ is appropriate.

March 22, 2007                      Respectfully submitted,


                                   _____/s/_____
                                   JEFFREY A. TAYLOR, D.C. Bar # 498610
                                   United States Attorney


                                   _____/s/_____
                                   RUDOLPH CONTRERAS, DC BAR #434122
                                   Assistant United States Attorney


                                   _____/s/_____
                                   JOHN F. HENAULT, D.C. Bar # 472590
                                   Assistant United States Attorney
                                   555 4th Street, N.W.
                                   Washington, DC 20530
                                   (202) 307-1249
                                   (202) 514-8780 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on March 22, 2007, a copy of the foregoing was served upon plaintiff by depositing

a copy of it in the U.S. Mail, first class postage prepaid to plaintiff:

Gregory Alan Gaylor
#30235
NH State Prison
PO Box 14
Concord, NH 03302-0014


_____
JOHN F. HENAULT
Assistant United States Attorney