UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY ALAN GAYLOR,           )
                               )
            Plaintiff,         )
                               )
      v.                       )    Civ. Action No. 06-1467 (RBW)
                               )
U.S. DEPARTMENT OF JUSTICE,    )
                               )
            Defendant.         )
_____)

MEMORANDUM OPINION

This action, filed under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 *et seq*. (2002), is before the Court on defendant's motion for summary judgment ("Def.'s Mot.") and plaintiff's cross motion for summary judgment.  Upon consideration of the parties' submissions and the entire record, the Court will grant defendant's motion for summary judgment and deny plaintiff's cross motion for summary judgment.

I.  BACKGROUND

The undisputed facts as set forth in defendant's Statement of Material Facts are as follows.  On April 24, 2001 and May 11, 2001, plaintiff requested records from the Department of Justice ("DOJ") Criminal Division's Office of International Affairs concerning his extradition from Switzerland to the United States in August 2000.  DOJ acknowledged the request by letter on June 27, 2001.  Def.'s Facts ¶¶ 1-3.  DOJ released records in whole and in part to plaintiff by letters issued on April 4, 2006, August 23, 2006 and November 28, 2006.  *Id*. ¶¶ 9-11.  It withheld information pursuant to FOIA exemptions 6 and 7(C).  *See* 5 U.S.C. § 552(b).

In the April 4 letter, DOJ also informed plaintiff that it had referred responsive records to their originators, namely, the Federal Bureau of Investigation ("FBI"), the United States Marshals Service ("USMS"), Interpol-U.S. National Central Bureau ("USNCB"), and the State Department, for processing and a direct response to plaintiff. *Id.* ¶¶ 9, 12. On April 5, 2006, the USNCB released two unredacted pages of Interpol information and 26 redacted pages. It withheld 14 pages of information in their entirety. The USNCB withheld information pursuant to FOIA exemptions 2, 7(C), 7(D) and 7(E). *Id.* ¶ 14. On April 14, 2006, the USMS released two documents with redactions made pursuant to exemptions 2 and 7(C). *Id.* ¶ 16. On April 18, 2006, the FBI released five of six pages with redactions made pursuant to exemptions 2, 6, 7(C) and 7(D).[1] *Id.* ¶ 17. On September 19, 2006, the State Department released seven documents in their entirety. *Id.* ¶ 18.

On August 27, 2003, DOJ's Office of Information and Privacy ("OIP") forwarded to the Criminal Division six documents that were referred from the State Department in response to a request plaintiff had made to that agency in March 2002. *Id.* ¶ 5. By letter of February 26, 2004, DOJ released to plaintiff one unredacted document and five redacted documents. It withheld information pursuant to FOIA exemptions 2, 6 and 7(C). *Id.* ¶¶ 5-6.

Plaintiff filed his complaint with the United States District Court for the District of New Hampshire on November 21, 2005. The complaint was formally filed there on December 6, 2005, but the District of New Hampshire transferred the case to this Court by Order of June 14, 2006.

---

[1] Upon re-examination, the FBI has now released all six pages-- two unredacted and four redacted. Declaration of David M. Hardy [Dkt. No. 7-3] ¶¶ 4, 24.

## II.  LEGAL STANDARD

Summary judgment is appropriate when no genuine issues of material fact are in dispute and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The FOIA requires a federal agency to release all records responsive to a request for production.  5 U.S.C. § 552(a)(3)(A).  The Court is authorized under the FOIA "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980).

When a FOIA requester files a civil action, the agency has the burden of proving that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements."  *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978), *cert. denied*, 445 U.S. 927 (1980) (internal citation and quotation omitted); *see accord Maydak v. Department of Justice*, 218 F.3d 760, 764 (D.C. Cir. 2000) (government has the burden of proving each claimed FOIA exemption).  The Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

## III.  DISCUSSION

Plaintiff's motion for summary judgment will be denied for two reasons.  First, it does not conform with the requirements for such motions because it is not "accompanied by a statement of material facts as to which [plaintiff] contends there is no genuine issue."  LCvR 7(h).  Second, it is based solely on defendant's delay in responding to plaintiff's first request of April 24, 2001, but "however fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."  *Perry v. Block*,  684 F.2d 121, 125  (D.C. Cir. 1982); accord *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 388 (D.C. Cir.  2007).[2]  The Court therefore turns next to defendant's summary judgment motion and plaintiff's opposition thereto.

Defendant asserts that it is entitled to judgment as a matter of law because "no records have been improperly withheld from the plaintiff."  Def.'s Mot. at 1.  Plaintiff counters only that defendant "has failed to produce non-exempt documents from the files of the U.S. Department of Justice, Office of International Affairs."  Plaintiff's Objection to Defendant's Motion for Summary Judgment at 1.  He therefore has conceded defendant's invocation of FOIA exemptions to the withheld material, which the Court finds properly justified.[3]  As to the contested issue,

---

[2]  The gravamen of the plaintiff's motion is that he should be awarded his costs due to the delay in processing his FOIA request.  The FOIA permits a district court to "assess against the United States reasonable . . . litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."  5 U.S.C.  § 552(a)(4)(E).  Here, plaintiff cannot recover his costs because he will not substantially prevail by being "awarded . . . relief . . . either in a judgment on the merits or in a court-ordered consent decree." *Oil, Chem. and Atomic Workers Int'l Union, AFL-CIO v. Dep't of Energy*, 288 F.3d 452, 456-57 (D.C. Cir. 2002) (citation and internal quotations omitted).

[3]  When responsive documents are withheld in their entirety, the Court has an affirmative duty to consider whether non-exempt information could have been segregated from
(continued...)

plaintiff proffers a "letter [that] references a contemporary dispute involving the Swiss

extradition treaty and Mr. Gaylor," which he contends was not "disclosed in the US DOJ's

various FOIA disclosures."  *Id.*  (citing Ex. 1).  Plaintiff concludes that the omission of this

document calls into question "the accuracy of the disclosure and the existence of undisclosed

non-exempt documents."  *Id.* at 1.[4]

An agency may be faulted for not producing records if it failed to produce evidence that

an adequate search for the records was conducted.  *See Iturralde v. Comptroller of the Currency*,

315 F.3d 311, 315-16 (D.C. Cir. 2003).  The agency to which a FOIA request is submitted is

required "to make a good faith effort to conduct a search for the requested records, using

methods which can reasonably be expected to produce the information requested."  *Int'l Trade*

*Overseas, Inc. v. Agency for Int'l Dev.*, 688 F. Supp. 33, 36 (D.D.C. 1998) (quoting *Marrera v.*

*Dep't of Justice*, 622 F. Supp. 51, 54 (D.D.C. 1985)) (citations omitted).  Because the agency is

---

[3](...continued)
exempt information and released.  *See Trans-Pacific Policing Agreement v. U.S. Customs*
*Serv.*, 177 F.3d 1022, 1027 (D.C. Cir. 1999) (internal citations omitted).  Invoking exemption
7(D), the USNCB withheld 14 pages of Interpol records containing the identities of confidential
sources "and a minimal amount of the confidential information that they provided to USNCB."
Declaration of Dorothy S. Beaty [Dkt. No. 7-5] ¶ 11.  The Court is satisfied from Ms. Beaty's
declaration that the documents were reviewed for purposes of segregability and properly withheld
in their entirety.  *See id.* ¶ 12.

[4]   In a supplemental declaration, Kathy Hsu, an attorney in the Criminal Division of the
DOJ assigned to the Office of Enforcement Operations' Freedom of Information Act/Privacy Act
Unit, Def.'s Reply, Supplemental Declaration of Kathy Hsu ("Hsu Decl.") ¶ 1, provides a
plausible explanation as to why the document was not located in DOJ's files.  According to Ms.
Hsu, the
    document did not originate in the Criminal Division and it appears that the only role
    the Division played was to forward the New Hampshire letter to the Swiss authorities.
    It is not uncommon for documents referenced in Criminal Division files to not
    themselves be located in the files.  As discussed above, the FOIA/PA Unit has
    conducted repeated searches and has released all Criminal Division records with
    minimal deletions to plaintiff.
*Id.* ¶ 4.  The document's existence alone therefore does not establish a material fact because an
agency's disclosure obligation under the FOIA is limited to records in its custody and control at
the time of the FOIA request.  *McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983).

the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (citing *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)). In reviewing the adequacy of the search, the Court is guided by principles of reasonableness. *Int'l Trade Overseas, Inc.*, 688 F. Supp. at 36 (citing *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

Summary judgment is inappropriate "if a review of the record raises substantial doubt" about the adequacy of the search. *Valencia-Lucena*, 180 F.3d at 326 (citing *Founding Church of Scientology of Washington, D.C., Inc. v. Nat'l Sec. Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979)). "Once the agency has shown that its search was reasonable, the burden shifts to [plaintiff] to rebut [the agency's] evidence by a showing that the search was not conducted in good faith." *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985)). "[T]he [mere] fact that a particular document was not found does not demonstrate the inadequacy of a search." *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 390-91 (D.C. Cir. 2007) (citing *Iturralde*, 315 F.3d at 315; *Valencia-Lucena*, 180 F.3d at 326).

According to Attorney Kathy Hsu of the Criminal Division's Office of Enforcement Operations, the Office of International Affairs ("OIA") "is the only Criminal Division office that would maintain records pertaining to extraditions." Declaration of Kathy Hsu [Dkt. No. 7-2]

6

¶ 16.  In response to plaintiff's request for records pertaining to his extradition from Switzerland to the United States, OIA staff conducted a search by plaintiff's name, located 98 records and released them in whole "or in substantial part."  *Id.* ¶¶ 17-18.  In the absence of any facts that raise a "substantial doubt" about the adequacy of the search that was performed, the  Court finds that defendant is entitled to judgment as a matter of law on the only contested issue before the Court, *i.e.*, the adequacy of the search.

## IV.  CONCLUSION

For the preceding reasons, plaintiff's motion for summary judgment is denied, and DOJ's motion for summary judgment is granted.[5]

```
            s/
          Reggie B. Walton
          United States District Judge
```

Date:  July 27, 2007

---

[5]  A separate Order accompanies this Memorandum Opinion.